IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>PINE GATE RENEWABLES, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-90669 (CML)<br><br>(Jointly Administered) |
| James Mathes, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Blue Ridge Power, LLC,<br><br>Defendant. | Adversary No. 25-_____ |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT**

James Mathes ("Plaintiff") individually and on behalf of those similarly situated former employees as defined herein, brings this suit against Blue Ridge Power, LLC ("Defendant"), by way of this Class Action Adversary Proceeding Complaint, alleging as follows:

**NATURE OF THE ACTION**

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on his own behalf and on behalf of the other similarly situated persons against Defendant, their employer for WARN Act purposes.

---

[1] A complete list of each of the Debtors in these chapter 11 cases (the "Chapter 11 Cases") and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/PGR. The Debtors' mailing address for the purposes of the Chapter 11 Cases is 130 Roberts Street, Asheville, North Carolina 28801.

2. Defendant is a Noth Carolina Limited Liability Company with a principal place of business located at 105 Fairview Road, Suite 30, Ashville, NC 28803 ("Company").

3. Defendant is registered to conduct business in Texas at Corporate Center One, 5301 Southwest Parkway, Austin, TX 78735. Defendant's Registered Agent is Registered Agent Solutions, Inc.

4. Defendant filed for Chapter 11 Bankruptcy in this Court on November 6, 2025, Case No. 25-90669.

5. Upon information and belief, Defendant abruptly terminated at least 300 employees, including Plaintiff, unilaterally and without proper notice to employees or staff.

6. Plaintiff was terminated from a worksite located in Fayetteville, North Carolina, on or around October 17, 2025, as part of a mass layoff without proper notice.

7. Plaintiff brings this action on behalf of himself and other similarly situated former employees who worked for Defendant and were terminated as part of the foreseeable mass lay off or plant closing ordered by Defendant on or around October 17, 2025 and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act.

8. Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

9. Defendant did not provide proper WARN Act Notice, 60 days' in advance, as required by 29 U.S.C. §§ 2101 et seq. even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed at the Facilities.

10. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

11. By failing to provide its affected employees who were temporarily or permanently terminated on or around October 17, 2025, with proper WARN Act Notices and other benefits,

12. Defendant acted willfully and cannot establish that they had any reasonable grounds or basis for believing its actions were not in violation of the WARN Act.

13. Plaintiff brings this action on behalf of himself and other similarly situated former employees who worked for Defendant and were terminated as part of the foreseeable result of a mass layoffs or plant closings ordered by Defendant on or around October 17, 2025 and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act.

14. Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

15. Plaintiff's claims, as well as the claims of all similarly-situated employees, are entitled to partial administrative expense status pursuant to United States Bankruptcy Code § 503(b)(1)(A) and partial, or alternatively, full priority status under 11 U.S.C. § 507(a)(4) and (5), up to the priority cap, with the balance, if any, being a general unsecured claim.

**JURISDICTION AND VENUE**

16. This Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

17. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O). Pursuant to Fed. R. Bankr. P. 7008. Plaintiff consents to entry of final orders or judgment by the Court.

18. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1409(a) and 29 U.S.C. § 2104(a)(5).

## PARTIES

19. At all times herein relevant, the representative Plaintiff is member of the class (as defined below).

20. Plaintiff James Mathes is a resident of Florida. Plaintiff was employed, full time, by Defendant for over 6 months at the time of termination. Plaintiff Mathes worked at the facility in Fayetteville, North Carolina and he is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). He was terminated without cause and did not receive 60 days' notice of termination.

21. Defendant made the decision to terminate employees, including Plaintiff and those other similarly situated former employees, without 60 days' advance notice, terminating over 50 employees and 33% of the workforce.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings his WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of October 17, 2025

23. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

  (a) The classes include, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

  (b) Questions of law and fact are common to the class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoffs under the

4

        WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

  (c)    Plaintiff is a member of the classes and brings claims typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

  (d)    Plaintiff will fairly and adequately represent the classes and their interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the classes. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

24.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

25.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Classes, making appropriate declaratory and injunctive relief with respect to Plaintiff and the classes as a whole.

26.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

## COUNT I
## VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq.*
## (WARN Act)
### (*On Behalf of Plaintiff and the Putative Class*)

27. Plaintiff re-alleges and incorporate all preceding paragraphs as if set forth in full here.

28. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

29. Plaintiff and the nationwide putative class were at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

30. The October 17, 2025, terminations resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees. The ongoing terminations, occurring within any 90-day period, may be aggregated. 29 U.S.C. § 2102(d).

31. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Facilities constitute a single site of employment in that each employee's facility was the location to which relevant employees were assigned as the home base, the place from which work was assigned, and the place to which they reported for work.

32. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

4920-8412-4794, v. 3

33. On information and belief, Defendant did not give 60 days' written notice of the plant closing and/or mass layoffs to any "affected employee," including Plaintiff and those that Plaintiff seeks to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give proper written notice to the North Carolina Department of Commerce, or to the chief elected official of the local government within which the mass layoffs were ordered.

34. Defendant violated the WARN Act by failing to give timely written notice of the mass layoffs as required by 29 U.S.C. § 2102(a), which began on or about October 17, 2025.

35. As such, Plaintiff and those he seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

36. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102.  See 29 U.S.C. § 2104(5).

37. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant has no reasonable grounds for believing that the plant closing or mass layoff it ordered at the Facilities was not in violation of the notice requirements at 29 U.S.C. § 2102.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class, or in the alternative, each Plaintiff as a representative of their respective subclass, and his counsel of record as Class Counsel.

2. A declaration that Defendant has violated the WARN Act;

3. A first priority administrative expense claim against Defendant pursuant to 11 U.S.C. § 503(b)(1)(A) in favor of the Plaintiff and the other similarly-situated former employees equal to the sum of their: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefits had that coverage continued for that period, all determined in accordance with the WARN Act, or alternatively, determining that the first $15,150 of the WARN Act claims of the Plaintiff and each of the other similarly-situated former employees are entitled to priority status under 11 U.S.C. § 507(a)(4)-(5), and the remainder is a general unsecured claim;

4. A judgment against Defendant and in favor of Plaintiff and the putative class for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A).

5. A judgment against Defendant and in favor of Plaintiff and the putative class for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and the putative class during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B).

6. A finding that Defendant's violations of the WARN Act was willful, not in good faith, and that Defendant had no reasonable grounds for believing that their mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102.

7. A judgment against Defendant and in favor of Plaintiff and the putative class for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

8. A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

4920-8412-4794, v. 3

9. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Dated: November 17, 2025

Respectfully submitted,

J. Gerard Stranch, IV*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com

By: */s/ Matthew S. Okin*
Matthew S. Okin
Texas Bar No. 00784695
Ryan A. O'Connor
Texas Bar No. 24098190
**OKIN ADAMS BARTLETT CURRY LLP**
1113 Vine St., Suite 240
Houston, Texas 77002
Telephone: 713.228.4100
Facsimile: 346.247.7158
mokin@okinadams.com
roconnor@okinadams.com

Lynn A. Toops*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Telephone: (317) 636-6481
ltoops@cohenmalad.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

**Pro Hac Vice* Motion to be filed.